Shelly Elimelekh (SE-0597
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel: (212) 407-4000

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ELSEVIER INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | Case No. 08 CIV 5482 (GBD) |
| | ) | |
| ENCYCLOPAEDIA BRITANNICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, Encyclopaedia Britannica, Inc. ("EB"), answers the Complaint of Plaintiff,

Elsevier Inc. ("Elsevier"), as follows:

### Nature of the Action

1.      Elsevier is bringing this action to recover damages from Britannica (i) for

infringement of the copyright in certain medical illustrations of the late Frank K. Netter, M.D.,

and/or (ii) for breach of a license agreement for the copyright on those medical illustrations.

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to the allegations of

paragraph 1, and therefore denies those allegations.

**Jurisdiction and Venue**

2.     The Court has subject matter jurisdiction over the first claim in this action

because it arises under the Copyright Act, 17 U.S.C. § 101 et seq.  This Court has subject matter

jurisdiction over the second claim in this action pursuant to 28 U.S.C. § 1367 because it is so

related to the claim within the original jurisdiction of this Court that they form part of the same

case or controversy within the meaning of Article III of the United States Constitution.

**ANSWER**:

EB denies the allegations of paragraph 2.

3.     Upon information and belief, venue is proper in this District pursuant to 28 U.S.C.

§ 1391.

**ANSWER**:

EB denies the allegations of paragraph 3.

**Parties**

4.     Elsevier is a corporation organized and existing under the laws of the State of

New York with its principal place of business at 360 Park Avenue South, New York, New York.

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the

allegations of paragraph 4, and therefore denies those allegations.

5.     Upon information and belief, Britannica is a corporation organized and existing

under the laws of the State of Delaware with its principal place of business at 331 North LaSalle

Street, Chicago, Illinois.

**ANSWER**:

EB admits the allegations of paragraph 5.

## Background of this Action

6.      The late Frank H. Netter, M.D. ("Netter"), was one of the foremost medical

illustrators of the 20th Century.  His works included The Atlas of Human Anatomy, which

contained detailed and explicit drawings of the systems of the human body.

**ANSWER**:

EB admits the allegations of paragraph 6.

7.      Ciba-Geigy Corporation ("Ciba-Geigy") received from the Register of Copyrights

on September 29, 1989 United States Certificate of Copyright Registration No. TX002659439

for this work, as a work for hire ("Netter Copyright").

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the

allegations of paragraph 7, and therefore denies those allegations.

8.      Upon information and belief, Ciba-Geigy changed its name to Novartis

Pharmaceuticals Corporation ("Novartis").

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the

allegations of paragraph 8, and therefore denies those allegations.

9.      By an agreement memorialized by letter dated August 4, 1997, Novartis licensed

Britannica to use ninety seven plates derived from its copyrighted Atlas of Human Anatomy, for

(i) the new edition of the Encyclopaedia Britannica CD-ROM, and (ii) up to 10,000 of its

subscribers to its website.  Britannica agreed to pay, and did pay, Novartis $20,000 for this

license.  Upon information and belief, Britannica agreed to pay Novartis an additional license fee

of $5,000 for each additional 10,000 subscribers to its website.

**ANSWER**:

EB admits that it entered into a Letter Agreement dated August 4, 1997, with Novartis Pharmaceuticals Corporation.  That agreement speaks for itself and EB denies the remaining allegations of paragraph 9.

10.    On or about July 2000, Novartis transferred all of its right, title and interest in the Netter Copyright and the Britannica Agreement to Havas MultiMedia LLC ("Havas").  In October 2000, Havas changed its name to Icon Learning Systems LLC ("Icon").

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 10, and therefore denies those allegations.

11.    On or about August 2005, Elsevier purchased Icon, and merged Icon into Elsevier.  Elsevier therefore succeeded by operation of law to the rights of Icon in the Netter Copyright and the Britannica Agreement.

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 11, and therefore denies those allegations.

12.    Despite the fact that subscribers to its website, upon information and belief, substantially exceeded the number licensed under the Britannica Agreement, Britannica did not pay Elsevier, or its predecessors in interest, any additional amounts under the Britannica Agreement.

**ANSWER**:

EB admits that it has not paid Plaintiff additional amounts under the Letter Agreement
dated August 4, 1997, between EB and Novartis Pharmaceuticals Corporation, as no additional
sums are owed.  EB denies the remaining allegations of paragraph 12.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement - 17 U.S.C. § 501)

13.    Elsevier repeats the averments contained in paragraphs 1 through 12 as if set forth
in full.

**ANSWER**:

EB repeats its answers to the allegations contained in paragraphs 1 through 12.

14.    Elsevier owns the Netter Copyright and the United States Certificate of Copyright
Registration for it.

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the
allegations of paragraph 14, and therefore denies those allegations.

15.    The Netter Copyright is valid and enforceable.

**ANSWER**:

EB is without knowledge or information sufficient to form a belief as to truth of the
allegations of paragraph 15, and therefore denies those allegations.

16.    Britannica has infringed the Netter Copyright in violation of 17 U.S.C. § 501.

**ANSWER**:

EB denies the allegations of paragraph 16.

17.    Upon information and belief, Britannica willfully infringed the Netter Copyright.

**ANSWER**:

EB denies the allegations of paragraph 17.

18.    Elsevier is entitled to recover all damages sustained as a result of Britannica's unlawful conduct including (i) Britannica's profits, or (ii) Elsevier's damages, or alternatively (iii) statutory damages.

**ANSWER**:

EB denies the allegations of paragraph 18.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

19.    Elsevier repeats the averments set forth in paragraphs 1 to 18 above with the same force and effect as if set forth in full.

**ANSWER**:

EB repeats its answers to the allegations contained in paragraphs 1 through 18.

20.    The Britannica Agreement constitutes an enforceable contract between Britannica and Elsevier.

**ANSWER**:

EB denies the allegations of paragraph 20.

21.    Britannica committed the first material breach of the Britannica Agreement by failing to pay additional royalties of $5,000 for each additional 10,000 subscribers to its website.

**ANSWER**:

EB denies the allegations of paragraph 21.

22.    Elsevier is entitled to recover damages for breach of contract from Britannica, in an amount to be determined by the trier of fact, measured by $5,000 for each additional 10,000 subscribers to its website.

**ANSWER**:

EB denies the allegations of paragraph 22.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

As a first complete and affirmative defense to this action, EB alleges:

23.    This Court lacks subject matter jurisdiction over this action.

As a second partial and affirmative defense to this action, EB alleges:

24.    Elsevier's claims are barred by the statutes of limitations.

As a third complete and affirmative defense to this action, EB alleges:

25.    Elsevier's claims are barred by laches and/or acquiescence.

As a fourth complete and affirmative defense to this action, EB alleges:

26.    Elsevier's claims are barred by the equitable doctrine of waiver.

As a fifth complete and affirmative defense to this action, EB alleges as follows:

27.    Elsevier's claims are barred by the doctrine of accord and satisfaction, since any use by EB of the allegedly copyrighted images has been pursuant to a paid up license authorizing such use.

As a sixth complete and affirmative defense to the First Claim for Relief in this action, EB alleges as follows:

28.    Elsevier has failed to comply with statutory prerequisites to bringing a claim for copyright infringement.

WHEREFORE, EB prays for relief as follows:

1.    Entry of judgment in favor of EB on Counts I and II of this action.

2.    Award EB its costs in this action, including its attorneys' fees, pursuant to 17 U.S.C. § 505.

3.    Award EB such other and further relief as this Court deems just.

Date:  August 4, 2008                           LOEB & LOEB LLP

                                    By:    _____

                                           Shelly Elimelekh (SE-0597)
                                           345 Park Avenue
                                           New York, NY 10154
                                           Tel:  (212) 407-4000
                                           Fax:  (212) 407-4990

                                           Douglas N. Masters
                                           321 North Clark Street, Suite 2300
                                           Chicago, Illinois  60610
                                           Tel:  (312) 464-3100
                                           Fax:  (312) 464-3111


                                           Attorneys for Defendant