**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELSEVIER INC., ......................................... )
........................................................... )
........................ Plaintiff, ..................... )
........................................................... )
.................... -against- .......................... )     Case No. 08 CIV 5482 (GBD)
........................................................... )
ENCYCLOPAEDIA BRITANNICA, INC., ....... )
........................................................... )
........................ Defendant. .................... )

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Shelly Elimelekh (SE-0597)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Tel: (212) 407-4000

Douglas N. Masters
321 North Clark Street, Suite 2300
Chicago, Illinois 60610
Tel: (312) 464-3100
Fax: (312) 464-3111

Attorneys for Defendant

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF UNDISPUTED FACTS ........................................................ 1

ARGUMENT ..................................................................................................... 3

I.      Plaintiff's Copyright Claim is Barred by Laches ................................... 3

        A.      Plaintiff's Eleven Year Delay is Unreasonable ............................ 5

        B.      Britannica is Prejudiced by Plaintiff's Eleven Year Delay............................ 5

II.     Plaintiff Has Waived Its Right To Assert A Breach Of Contract Claim ..................... 7

CONCLUSION.................................................................................................. 8

## TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*Armstrong v. Virgin Records, Inc.,*
    91 F.Supp.2d 628 (S.D.N.Y.2000) ........................................................................ 4-5

*Brown v. E.F. Hutton Group, Inc.,*
    991 F.2d 1020 (2d Cir.1993)............................................................................... 3

*Byron v. Chevrolet,*
    No. 93 Civ. 1116 (AJP), 1995 WL 465130 (S.D.N.Y. August 7, 1995) ............................. 3-6

*Capitol Records, Inc. v. Naxos of Am., Inc.,*
    262 F.Supp.2d 204 (S.D.N.Y.2003)...................................................................... 4

*Danjaq LLC v. Sony Corp.,*
    263 F.3d 942 (9th Cir. 2001) ............................................................................. 5-6

*Greek Orthodox Patriarchate of Jerusalem v. Christies's, Inc.,*
    No. 98 Civ. 7664 (KMW), 1999 WL 673347 (S.D.N.Y. Aug. 30, 1999) ........................... 3

*Haas v. Leo Feist, Inc.,*
    234 F. 105 (S.D.N.Y.1916) (Hand, J.).................................................................. 7

*Ivani Contracting Corp. v. City of New York,*
    103 F.3d 257 (2d Cir. 1997).............................................................................. 3

*Jackson v. Axton,*
    25 F.3d 884 (9th Cir. 1994) ............................................................................. 6

*Lennon v. Seaman,*
    63 F.Supp.2d 428 (S.D.N.Y. 1999) .................................................................... 4

*Life Sav. and Loan Ass'n v. Bryant,*
    467 N.E.2d 277 (Ill. App. Ct. 1984) ................................................................... 8

*Marin v. Pellberg,*
    No. 85 C 1588, 1986 WL 1866 (N.D. Ill. Jan. 23, 1986) ........................................... 8

*Newsome v. Brown,*
    No. 01 Civ. 2807 (TPG), 2005 WL 627639 (S.D.N.Y. Mar. 16, 2005) ...........................4, 6

*Peyser v. Searle Blatt & Co., Ltd.,*
    No. 99 Civ. 10785 (WK), 2000 WL 1071804 (S.D.N.Y. Aug. 2, 2000).............................3

*Stone v. Williams,*
    873 F.2d 620 (2d Cir. 1989), *rev'd*, 970 F.2d 1043 (2d Cir. 1992),
    *cert denied*, 113 S. Ct. 2331 (1993) ................................................................... 4-5

**OTHER AUTHORITIES**

Fed.R.Civ.P. 56(c) ...............................................................................................................3

## PRELIMINARY STATEMENT

Plaintiff, claiming to be the successor in interest to the licensor, inexplicably has waited eleven years to enforce a license agreement that permitted Britannica to use illustrations on its website. In the meantime, neither party still has a copy of the relevant agreement, the relevant witnesses are nowhere to be found, and Plaintiff's years of silence unfairly has increased Britannica's potential exposure. For these and other reasons, the Court should enter judgment for Britannica on Plaintiff's claims for copyright infringement and breach of contract under the doctrines of laches and waiver.

## STATEMENT OF UNDISPUTED FACTS

The facts relevant to this motion are not disputed. By agreement memorialized by letter dated August 4, 1997 ("License Agreement"), Novartis Pharmaceuticals Corporation ("Novartis") licensed Britannica to use certain copyrighted medical illustrations ("Illustrations") on Britannica's website.[1] (Bowe Dec. ¶ 2, Exhibit A). Plaintiff claims it acquired the copyright interest to the subject matter of the license by a string of corporate mergers and copyright assignments. (Cmpl't ¶¶ 10, 11). The License Agreement provides, in relevant part, "I am in receipt of your check in the amount of $20,000.00 as the fee for permission to include [Illustrations] in the new edition of the Encyclopedia Britannica CD-ROM, as well as use of these illustrations on your website subscriber base of up to 10,000 members (please refer to letter dated June 1, 1997 for additional subscribers)." (*See* Bowe Dec. ¶ 2, Exhibit A). Plaintiff concedes that Britannica "agreed to pay, and did pay, Novartis $20,000 for this license." (Cmpl't ¶ 9; Bowe Dec. ¶ 3).

---

[1] Britannica submits the Declaration of William J. Bowe ("Bowe Dec.") in support of its motion for summary judgment.

As reflected in the Letter Agreement, there is another agreement between Britannica and Novartis dated June 1, 1997, regarding use of the copyrighted medical Illustrations when Britannica's website subscriber base exceeded 10,000 members and possibly other uses ("Additional Agreement"). (*See* Bowe Dec. ¶ 2, 4, Exhibit A). Neither party knows the terms of that Additional Agreement. (Bowe Dec. ¶ 8, 11). At this late date, and after multiple transactions involving the alleged rights, the best that Plaintiff can do is *speculate* that upon "information and belief" Britannica is obligated to pay "an additional license fee of $5000 for each additional 10,000 subscribers to its website." (Cmpl't ¶ 9). Plaintiff seeks by way of a breach of contract claim an additional license fee from Britannica and damages for copyright infringement by virtue of its use of the Illustrations on its website without paying this purported additional fee.

The passage of time has greatly compromised Britannica's ability to defend against this speculation. (Bowe Dec. ¶ 7). Neither party has a copy of this key Additional Agreement referenced in the License Agreement. (Bowe Dec. ¶ 8). Britannica, having moved in the intervening years, no longer has any documents concerning the negotiation and execution of the Additional Agreement. (Bowe Dec. ¶¶ 8, 9). The whereabouts of the authors of the License Agreement, who may not even be the authors of the Additional Agreement, is not known. (Bowe Dec. ¶¶ 10-12). Nor does Britannica even do business with Novartis currently. (Bowe Dec. ¶ 12).

Elsevier offers no explanation for waiting eleven years to raise these claims. Its silence is all the more significant given that the parties continued to do business with each other in subsequent years. (Bowe Dec. ¶ 5). Yet it never raised entitlement to additional fees from Britannica's ongoing use of the Illustrations until recently. (*Id.*)

Because Elsevier declined to voice its objections to Britannica's actions for years, Britannica has been deprived of the ability to mitigate any damages Elsevier may be entitled to recover. (Bowe Dec. ¶ 7). Had Plaintiff, Novartis, or any of the other alleged predecessors or successors in interest ever notified Britannica of the claims that are the subject of this suit, Britannica could have promptly addressed them either by referring to the appropriate documentation (if it existed at the time) or by removing the Illustrations. (*Id*.). Britannica has long had many similar Illustrations at its disposal, and it could have found suitable substitutes to replace the Novartis Illustrations. (Bowe Dec. ¶ 6).

## ARGUMENT

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party establishes its right to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Brown v. E.F. Hutton Group, Inc.*, 991 F.2d 1020, 1030 (2d Cir.1993). Where, as here, there are no issues of material fact regarding Defendant's defenses of laches and waiver summary judgment can be granted. *See Peyser v. Searle Blatt & Co., Ltd.,* No. 99 Civ. 10785 (WK), 2000 WL 1071804 at *9 (S.D.N.Y. Aug. 2, 2000) (granting summary judgment to defendant on basis of laches); *Greek Orthodox Patriarchate of Jerusalem v. Christies's, Inc.,* No. 98 Civ. 7664 (KMW), 1999 WL 673347, at *7-*10 (S.D.N.Y. Aug. 30, 1999) (determining the laches issue on a motion for summary judgment); *Byron v. Chevrolet*, No. 93 Civ. 1116 (AJP), 1995 WL 465130 at *6 (S.D.N.Y. August 7, 1995) (granting summary judgment to defendant on basis of laches).

## I.    Plaintiff's Copyright Claim is Barred by Laches

Laches is an equitable defense that bars a plaintiff's claim where he is "guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997). The doctrine of laches is based on the maxim that "equity aids the vigilant, not those who sleep on their rights." *Id.* It

3

is well-settled that laches will bar copyright infringement claims in their entirety. *Stone v. Williams*, 873 F.2d 620, 621-22 (2d Cir. 1989) (laches defense was upheld where the natural daughter of Hank Williams, Sr. had delayed six years in asserting a claim for co-ownership of renewal copyrights in Williams' songs), rev'd on other grounds, 970 F.2d 1043 (2d Cir. 1992), cert. denied, 113 S. Ct. 2331 (1993); *see, e.g., Capitol Records, Inc. v. Naxos of Am., Inc.*, 262 F.Supp.2d 204, 212 (S.D.N.Y. 2003) ("defendant's innocence and justifiable reliance on a plaintiff's failure to prevent previous copyright infringement can lead to laches, barring the assertion of copyright claims"); *Byron*, 1995 WL 465130 at *6 ("The Second Circuit on many occasions has applied laches to bar or restrict copyright infringement claims in their entirety."); *Armstrong v. Virgin Records, Inc.*, 91 F.Supp.2d 628, 643-33 (S.D.N.Y.2000) (recognizing availability of laches defense to copyright infringement claim); *Lennon v. Seaman*, 63 F.Supp.2d 428, 438-39 (S.D.N.Y. 1999) (same).

To establish laches, all Britannica must demonstrate is: (1) lack of diligence by Elsevier, and (2) prejudice to Britannica resulting from the delay. *See, e.g., Armstrong*, 91 F. Supp. 2d 628, 643 (S.D.N.Y. 2000) (*citing Costello v. United States*, 365 U.S. 265, 282 (1961)). In other words, "laches asks whether the plaintiff in asserting [his or] her rights was guilty of unreasonable delay that prejudiced the defendants." *Armstrong*, 91 F. Supp. 2d at 643 (quoting *Byron*, 1995 WL 465130 at *5).

Where, as here, the delay is longer than the three-year statute of limitations period for copyright claims, a presumption of unreasonable delay arises. This presumption shifts the burden to the plaintiff to prove the absence of prejudice to the defendant from the passage of time. *See Newsome v. Brown*, No. 01 Civ. 2807 (TPG), 2005 WL 627639, at *8 (S.D.N.Y. Mar. 16, 2005); *Byron*, 1995 WL 465130 at *7.

Laches still bars Elsevier's claims even if the allegedly infringing acts continued into the limitations period. Courts have not hesitated to find laches where although the last act of alleged infringement occurred within the last three years, the plaintiff had been on notice of its claim beforehand due to continuous activity that spanned many years. *See, e.g., Armstrong*, 91 F.Supp.2d at 643-44 (evidence of knowledge of seven years of continuous infringement); *Byron*, 1995 WL 465130 (evidence of knowledge of seven years of continuous infringement).

A.    Plaintiff's Eleven Year Delay is Unreasonable

The relevant delay for laches is measured from the time when "plaintiff knew, or should have known, of the allegedly infringing conduct, until the initiation of the lawsuit." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 952 (9th Cir. 2001) (*citing Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000)); *Armstrong*, 91 F. Supp. at 643 (S.D.N.Y. 2000). Here, Plaintiff's predecessors indisputably knew by the close of 1998 that Britannica had not paid any additional licensing fees and continued to exploit the Illustrations on its website. Thus, Plaintiff and/or its predecessors could have, but did not, assert these claims at any time over the past decade. Elsevier offers no explanation for its failure to enforce its rights diligently.

B.    Britannica is Prejudiced by Plaintiff's Eleven Year Delay

In evaluating the second element of laches, courts have stated that, although a showing of prejudice is required, "there is a sliding scale for the amount of prejudice that must be shown [and], '[w]here there is no excuse for delay [], defendants need show little prejudice.'" *Byron*, 1995 WL 465130 at *7; *see also Stone*, 873 F.2d at 625 (*citing Larios v. Victory Carriers, Inc.*, 316 F.2d 63, 67 (2d Cir. 1963)). Because Plaintiff here does not have an excuse for its delay, Britannica is only required to demonstrate little prejudice. Notwithstanding this, as demonstrated below, Britannica has suffered considerable prejudice on account of Plaintiff's eleven year delay.

Federal courts recognize two forms of prejudice in the copyright-laches context: evidentiary and expectations-based. *Newsome*, 2005 WL 627639 at *8. "Evidentiary prejudice includes things such as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." *Id.* A demonstration of expectations-based prejudice requires a showing that defendant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." *Id.* This type of "prejudice can be evidenced where a defendant has been lulled into a 'false sense of security' by plaintiff's delay.'" *Byron*, 1995 WL 465130 at *9; *see also Danjaq*, 263 F.3d at 955 (stating that a demonstration of expectations-based prejudice requires a showing that defendant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly"). Britannica has suffered both forms of prejudice as a result of Plaintiff's extensive delay.

**The key evidence is unavailable.**

Most significantly, the Additional Agreement, upon which Plaintiff bases its claims, no longer exists. (Bowe Dec. ¶ 8). Moreover, neither party knows the terms of the Additional Agreement nor can they provide competent witnesses with knowledge of these terms. (Bowe Dec. ¶¶ 9-12). Had Plaintiff, or its predecessors, brought their claims in a timely fashion, Britannica would have had the benefit of the actual Additional Agreement and/or witnesses whose testimony clearly would have been significant in defending against Plaintiff's copyright infringement claim. *See Jackson v. Axton*, 25 F.3d 884, 889 (9th Cir. 1994) (evidentiary prejudice established where witnesses are unavailable, "memories have faded, and testimony contains inconsistencies, gaps, and in some places speculation instead of memory"), *overruled on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

**Britannica has been lulled into increased exposure.**

Britannica also will suffer expectations-based prejudice if Plaintiff's belated claims are granted. Here it cannot be disputed that Plaintiff's silence after granting Britannica rights to use the Illustrations reasonably led Britannica to believe that it was making lawful use of the Illustrations. It would be inequitable for Plaintiff to now, over a decade after Britannica's continued use, claim that its use was improper. *See Haas v. Leo Feist, Inc.*, 234 F. 105, 108 (S.D.N.Y.1916) (Hand, J.) ("It must be obvious to everyone familiar with equitable principles that it is inequitable for the owner of a copyright, with full notice of an intended infringement, to stand inactive while the proposed infringer spends large sums of money in its exploitation, and to intervene only when his speculation has proved a success."). Plaintiff sat by while it accumulated its alleged licensing fees, only to demand them once it deemed them high enough. After eleven years, Britannica was understandably entitled to rely on Elsevier's inaction as comfort that it would not be called to pay for its ongoing use of the Illustrations on its website. Had it known that Elsevier was lurking, waiting to raise its claims in the future, it surely would have mitigated its exposure by removing the Illustrations at an earlier date. (Bowe Dec. ¶ 7).

## II. Plaintiff Has Waived Its Right To Assert A Breach Of Contract Claim

Plaintiff has waived any rights to collect additional payments under the Additional Agreement, regardless of what those rights were. Aside from the question of the contents of the missing Additional Agreement, as discussed above, Plaintiff or its predecessors never once demanded (or received) payment under the terms of that letter, despite the fact that they continued to do business with Britannica for the following eleven years.

Plaintiff's non-action on the requirements of the Additional Agreement amount to a waiver of those terms. "It is well-settled that parties to a contract may waive any provisions in the contract and that such waiver can be demonstrated by conduct indicating that strict

compliance with the provision will not be required." *Life Sav. and Loan Ass'n v. Bryant*, 467 N.E.2d 277, 282 (Ill. App. Ct. 1984); *see also Marin v. Pellberg*, No. 85 C 1588, 1986 WL 1866, *3 (N.D. Ill. Jan. 23, 1986). Even while Plaintiff's predecessor was receiving payment under additional – and subsequent – contracts between the two parties, it did not request payment under the Additional Agreement. (Bowe Dec. ¶ 5).

It is too late now to ignore virtually eleven years of inaction and require eleven years of payment as though the contract term remains enforceable. The fact that, as established above, neither party even knows what the terms are further confirms the inequitable nature of the Plaintiff's position. Indeed, Plaintiff's delay has prejudiced Britannica. Had Plaintiff and its predecessors not been dilatory in requiring compliance with the Additional Agreement, Britannica would not be subject to Plaintiff's conjecture as to the amount of its obligation, but would have had the benefit of the actual written agreement. Britannica completed its obligation under the License Agreement when it paid to Plaintiff's predecessor the $20,000 payment. (Cmpl't ¶ 9). Accordingly, Plaintiff's breach of contract claim is barred by the doctrine of waiver.

## CONCLUSION

Plaintiff's complaint should be seen for what it is – a stale attempt to extract money from Britannica after years of acquiescence to its permitted use of the Illustrations. Indeed, if Britannica had known that the Plaintiff was claiming any amount of damages based on Britannica's subscribers for the use of the Illustrations, even an elementary cost/benefit analysis would have caused Britannica to go elsewhere for these type of illustrations, rather than have paid the exorbitant licensing fees Elsevier charges. Having sat on their hands for years and failed to make any claim for any additional licensing fees from Britannica, based on number of

subscribers or otherwise, Britannica has been severely prejudiced based on its continued use of these works and Plaintiff's failure to object to such use.

For all of the foregoing reasons, Defendant Britannica respectfully request that the Court issue an Order (1) granting Defendant's motion for summary judgment on Plaintiff's claim for copyright infringement in its entirety on the basis of laches; (2) granting Defendant's motion for summary judgment on Plaintiff's claim for breach of contract in its entirety on the basis of waiver; and (3) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      August 26, 2008

LOEB & LOEB LLP

By: _____
      Shelly Elimelekh (SE-0597)
      345 Park Avenue
      New York, NY 10154
      Tel: (212) 407-4000
      Fax: (212) 407-4990

      Douglas N. Masters
      321 North Clark Street, Suite 2300
      Chicago, Illinois 60610
      Tel: (312) 464-3100
      Fax: (312) 464-3111

      Attorneys for Defendant